UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAHINDRA FORGINGS LTD.,

    Plaintiff,

v.

                              File No. 1:12-CV-991

BENTELER AUTOMOTIVE
CORPORATION,                     HON. ROBERT HOLMES BELL

    Defendant.
                               /

## O P I N I O N

This matter is before the Court on Defendant Benteler Automotive Corporation's motion to dismiss Plaintiff Mahindra Forgings Ltd.'s two-count first amended complaint alleging breach of contract and conversion. (Dkt. No. 9.) For the reasons that follow, this motion will be denied.

### I.

On December 20, 2006, Mahindra entered into a scheduling agreement with Benteler concerning Benteler's purchase of automotive parts from Mahindra. (Dkt. No. 10, Ex. 1.) Sometime thereafter, the parties disagreed over payment for at least 140,000 Mahindra parts now in Benteler's possession.

On September 14, 2012, Mahindra filed a complaint against Benteler in this Court. (Dkt. No. 1.) On September 21, 2012, Mahindra filed a first amended complaint. (Dkt. No. 6.) The first amended complaint raises two counts: (1) breach of contract due to Benteler's

refusal to pay for 140,000 Mahindra parts it took into possession and Benteler's refusal to pay for raw materials inventory Mahindra acquired before Benteler's notice of termination of the scheduling agreement; and, alternatively, (2) conversion if Benteler is able to prove that it did not take title in the 140,000 parts when it took them from India to its facility in Kalamazoo. (*Id.*)

On October 16, 2012, Benteler filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 9.) In its reply brief, Benteler asks the Court to alternatively grant summary judgment in its favor. (Dkt. No. 13.)

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert "failure to state a claim upon which relief can be granted" as an affirmative defense. "[T]o survive a motion to dismiss [under 12(b)(6)], the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted). In reviewing such a motion, the Court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. W. Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990). As a general rule, however, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re*

2

*Travel Agent*, 583 F.3d at 903.

According to the Supreme Court, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 545 (2007) (internal quotations omitted). While detailed factual allegations are not required, the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

### III.

Benteler's argument is that Mahindra's complaint is time-barred by the parties' contractual limitations period. The scheduling agreement does state that "[a]ny action against Buyer arising out of this Order must be filed within one (1) year after the claim accrues." (Dkt. No. 10, Ex. 1.) However, while Mahindra agrees with Benteler that the Court may consider the scheduling agreement for this Rule 12(b)(6) motion, Mahindra objects to Benteler's attempt to support its allegation that the complaint is time-barred with both evidence outside the pleadings and references to allegations in Mahindra's original complaint.

3

### A. Motion to Dismiss

#### 1) Documents the Court May Consider

As a general rule, "[m]atters outside the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

When "a document is referred to in the complaint and is central to the plaintiff's claim" the Court may consider it on a motion to dismiss. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). Benteler attempts to support its allegations with emails sent between the parties. (Dkt. No. 10, Ex. 3.) Benteler argues that these emails are referred to in Mahindra's first amended complaint because the emails set forth the terms of Benteler's payment to Mahindra, a payment that was expressly referenced in ¶ 14 of the first amended complaint and which is allegedly central to Mahindra's claim. This argument misses the point because according to Sixth Circuit precedent it is the *document itself* that must be referred to in the complaint and which must be central to the complaint. *See Greenberg*, 177 F.3d at 514. Indeed, under Benteler's interpretation any evidence that had tangential relevance to any statement in a complaint (i.e. all evidence) could be considered in conjunction with a motion to dismiss.

The paragraph in the complaint highlighted by Benteler states "Benteler then made a partial payment to Mahindra and led Mahindra to believe Benteler would honor its obligation to pay for the remaining parts." (Dkt. No. 6, ¶ 14.) This statement makes no

mention of any emails sent between the parties regarding payment. Nor does it indicate that emails between the parties regarding payment are central to Mahindra's claim. Thus, the Court will not consider these emails at this stage of the proceeding.

Benteler also relies on dates and allegations appearing in the original complaint. According to the Sixth Circuit:

> When a pleading is amended pursuant to Federal Rule of Civil Procedure 15(a), the amended pleading supersedes the original pleading, i.e., "the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading."

*Clark v. Johnston*, 413 F. App'x 804, 811-12 (6th Cir. 2011) (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)); *see also Parks v. Fed. Exp. Corp.*, 1 F. App'x 273, 277 (6th Cir. 2001) ("[O]nly the First Amended Complaint was properly before the district court."). "[F]or purposes of determining Defendant's motion to dismiss, [the Court] may not consider the factual allegations contained in Plaintiff's original complaint " *Neal v. Shelby Cty. Govt. Cmty. Servs. Agency*, 815 F. Supp. 2d 999, 1002 (W.D. Tenn. 2011).

Mahindra filed an amended complaint, and thus the Court will not consider any allegations made in the original complaint.

**2) Time Bar**

Mahindra's first amended complaint does not allege facts that support a conclusion that its claims are time-barred by the scheduling agreement. There is no reference in the

5

complaint as to when Mahindra's claim against Benteler accrued. While Benteler is correct that Mahindra did not plead any facts to show that its claims arose within the time contemplated by the agreement, Mahindra is under no obligation to do so. "[P]laintiffs need not anticipate and attempt to plead around all potential defenses. Complaints need not contain any information about defenses and may not be dismissed for that omission." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Only when "it is apparent from the face of the complaint that the time limit for bringing the claim has passed" does a plaintiff have an obligation to "come forward with allegations explaining why the statute of limitations should be tolled." *Bishop v. Lucent Techs., Inc.* 520 F.3d 516, 520 (6th Cir. 2008) (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)).

Benteler's argument that Mahindra's complaint is time-barred depends on a date that appears in emails which are not part of the pleadings and which the Court will not consider. (*See* Dkt. No. 10, Ex. 3.) From the face of the complaint and accepting all of Mahindra's factual allegations as true, there is a set of facts consistent with the allegations that would entitle Mahindra to relief. *See G.M. Eng'rs & Assoc.*, 922 F.2d at 330. Thus, the Court will deny the motion to dismiss.

**B. Conversion to a Motion for Summary Judgment**

If the Court cannot consider the outside evidence under a Rule 12(b)(6) motion, Benteler alternatively asks the Court to treat its motion as one for summary judgment under

Rule 56. (Dkt. No. 13, at 5.) Federal Rule of Civil Procedure 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). While Mahindra has submitted evidence on its behalf in its response to Benteler's motion to dismiss (anticipating Benteler's request to convert the motion into a Rule 56 motion), the Court believes it is premature to treat the motion as one for summary judgment given the fact that all the parties have not been given a reasonable opportunity to present material pertinent to such a motion. Thus, at this point, all of the evidence submitted by the parties outside of the pleadings and the scheduling agreement is excluded.

Benteler may file a separate motion for summary judgment if it chooses, at which point the Court will consider all the evidence both parties submit. However, if such a motion is filed before the opportunity for discovery and Mahindra makes a sufficient showing pursuant to Rule 56(d) that more discovery is needed to oppose a motion for summary judgment, the Court may defer considering the motion.

An order consistent with this opinion will be entered.


Dated: February 1, 2013                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE